UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | Case No. 20-CR-160-MKV |
| v. | : | |
| | : | |
| MICHAEL TANNUZZO, | : | |
| | : | |
| Defendant(s). | : | July 29, 2021 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO SUPPRESS EVIDENCE
AS APPLIED TO MICHAEL TANNUZZO**

DEFENDANT, MICHAEL TANNUZZO

By: /s/Donald T. Rollock
Donald T. Rollock
114 Old Country Road, Suite 690
Mineola, New York 11501-4414
Telephone (516) 248-6080
Facsimile  (516) 739-8742
Email Address:  drollock@rollocklaw.com

# **TABLE OF CONTENTS**

BRIEF STATEMENT………………………………………………………………………..4

LEGAL STANDARD………………………………………………………………………..5

ARGUMENT…………………………………………………………………………………7

CONCLUSION……………………………………………………………………………..8

# TABLE OF AUTHORITIES

Cases:                                                                                                    Page

*United States v. Concepcion*, 579 F.3d 214 (2d Cir. 2009)……………………………5, 6

*United States v. Figueroa*, 2020 U.S. Dist. LEXIS 112492 (W.D.N.Y. 2020)………..5

*United States v. Fury*, 554 F.2d 522, 530 (2d Cir. 1977)………………………………5

*United States v. Giordano*, 416 U.S. 505, 515 (1974)………………………………….6

*United States v. Hogan*, 122 F. Supp.2d 358 (E.D.N.Y. 2000)…………………………6

*United States v. Kahn*, 415 U.S. 143, 153 (1974)……………………………………....6

*United States v. Lilla*, 699 F.2d 99 (2d Cir. 1983)……………………………………..5, 6

*United States v. Parrilla*, 2014 U.S. Dist. LEXIS 55757 (S.D.N.Y. 2014)……………6

Sang Bin Lee, 2014 U.S. Dist. LEXIS 5238, 2014 WL 144642, *6……………………6

United States v. Torres, 901 F.2d 205, 231 (2d Cir. 1990)…………………………….6

## STATUTES and other AUTHORITIES

18 U.S.C. §2518(1)(c)…………………………………………………………………5, 6

Title III of the Omnibus Crime Control and Safe Streets Act of 1968………………..5

N.Y. Crim. Proc. Law § 700.15……………………………………………………..6

## BRIEF STATEMENT

Defendant, Michael Tannuzzo, submits this motion to address and challenge the procedures used by the Government to collect evidence against him in violation of his Fourth Amendment protections. In particular, Mr. Tannuzzo, requests of this Honorable Court to re-examine the Government's use of wiretaps based upon the totality of information that is now before it. The Court is not asked to sit in *de novo* review, but rather the specific request is for the Court to assess whether the Government followed the procedures set forth in 18 U.S.C. § 2518 as it applies to Mr. Tannuzzo. The specific areas of concern pertaining to Mr. Tannuzzo's defense are whether the Title III evidence was necessary and whether appropriate minimization measures were taken.

Defendant, Michael Tannuzzo, anticipates that his co-defendants will be submitting motions challenging the use of wiretaps in this case. Since, the Court will be already conducting an examination of the wiretaps and applications based upon the totality of information now before it, Mr. Tannuzzo, requests of Your Honor to examine said wiretaps as it relates to his constitutional protections. Hence, Mr. Tannuzzo, incorporates and adopts the factual and constitutional issues raised by his co-defendants as said challenges specifically apply to the charges against him.

## **LEGAL STANDARD**

The law is clear that the defendant bears a significant burden when seeking to suppress an authorized wiretap, and considerable deference must be granted to the authorizing judge.  *United States v. Figueroa*, 2020 U.S. Dist. LEXIS 112492 (W.D.N.Y. 2020).  Likewise, the standard for assessing an eavesdropping warrant is the same standard used for a regular search warrant.  *United States v. Fury*, 554 F.2d 522, 530 (2d Cir. 1977).

Pursuant to 18 U.S.C. §2518(1)(c), Title III evidence requires such applications to include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous" under a practical and commonsense test. *Figueroa* at 9.  Further, the Government is required to provide some basis for concluding that less intrusive investigative procedures were not feasible, and generalized and conclusory statements that other investigative procedures would prove unsuccessful will not satisfy Title III.  *United States v. Lilla*, 699 F.2d 99 (2d Cir. 1983); *United States v. Concepcion*, 579 F.3d 214 (2d Cir. 2009).  In Title III of the Omnibus Crime Control and Safe Streets Act of 1968, Congress struck a balance between the needs of law enforcement officials and the privacy rights of the individual.  The district court must ensure that the standard set forth in 18 U.S.C. § 2518 has been met so that wiretapping is not resorted to in

situations where traditional investigative techniques would suffice to expose the crime. *United States v. Kahn*, 415 U.S. 143, 153 (1974); *United States v. Concepcion*, 579 F.3d 214 (2d Cir. 2009).

Both New York and the federal statute require a "full and complete statement" explaining whether other investigative procedures have been tried and have failed, or appear unlikely to succeed or are too dangerous. *United States v. Giordano*, 416 U.S. 505, 515 (1974); *United States v. Lilla*, 699 F.2d 99 (2d Cir. 1983). To obtain a wiretapping warrant under both state and federal law, a showing must be made that normal investigative procedures have failed or reasonably appear to be unlikely to succeed if tried. See 18 U.S.C. § 2518; § N.Y. Crim. Proc. Law § 700.15. "Normal investigative procedure would include, for example, standard visual or aural surveillance techniques by law enforcement officers, general questioning or interrogation under an immunity grant, use of regular search warrants, and the infiltration of conspiratorial groups by undercover agents or informants." United States v. Torres, 901 F.2d 205, 231 (2d Cir. 1990). As the Second Circuit has long observed, however, "the purpose of the statutory requirements is not to preclude resort to electronic surveillance until after all other possible means of investigation have been exhausted by investigative agents; rather, they only require that the agents inform the authorizing judicial officer of the nature and progress of the investigation

and of the difficulties inherent in the use of normal law enforcement methods." *United States v. Hogan*, 122 F. Supp.2d 358 (E.D.N.Y. 2000).

In similar fashion, surveillance must "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception." 18 U.S.C. § 2518(5). *United States v. Parrilla*, 2014 U.S. Dist. LEXIS 55757 (S.D.N.Y. 2014). "Compliance with the requirement is determined by an analysis of the reasonableness of the surveilling agents' conduct based on the totality of circumstances." Sang Bin Lee, 2014 U.S. Dist. LEXIS 5238, 2014 WL 144642, *6.

## ARGUMENT

In this case, the Government sought to intercept communications via wiretap investigative procedures. The Government made application to various judges who invariably did not have the complete picture as this Court now has before it. Pointedly, this case involves many defendants who have never had contact with the criminal justice system and the evidence as presented does not suggest that any of the defendants presented a physical danger to law enforcement. Thus, the legal question presented based upon the totality of information now before the Court is whether the Government implored other investigative procedures and whether said procedures failed.

Under the strict meaning of the statute, it appears that the Government needs to explain what investigative techniques had been used prior to making application

for wiretaps. How long were those techniques utilized? Could the information obtained via wiretaps have been gathered using conventional investigative techniques? Why were normal investigative techniques unavailable to law enforcement? How would the investigation have been compromised if other techniques besides electronic surveillance been utilized? Did the Government have confidential informants who could have provided the evidence gathered? Similarly, did law enforcement conduct their investigation in such way as to minimize the interception of communications not otherwise subject to interception?

The Government alleges that the defendants agreed to create, manufacture, distribute, receive, and administer adulterated and misbranded drugs to improve the performance of racehorses. The aforesaid allegations as set forth against Mr. Tannuzzo suggests that a paper trail and other tangible proof, such as video surveillance, text messages, invoices, drug test results, etc., would have been available to the Government. Hence, why the need for wiretaps if this evidence was already available to law enforcement? This question of law is more fully developed based upon the fact that the Government alleges that it received a lot of information from 5 Stones Intelligence.

## **CONCLUSION**

Your Honor has before her a considerable amount of additional information that your colleagues may not have had at the time law enforcement made its request

for electronic wiretap surveillance.  It is Defendant Tannuzzo's request of the Court to examine whether law enforcement could have implored investigative techniques without wiretaps.  The Court is asked to strike a balance between the need for law enforcement to gather information, but at the same time protect Mr. Tannuzzo's privacy rights.

Finally, the Court is asked while examining the wiretap applications for Mr. Tannuzzo's co-defendants, to consider what if any statutory and or constitutional violation may have occurred.  As the balance in power to the Executive Branch of Government, it is Mr. Tannuzzo's humble request for this Court to ensure that the standard set forth in 18 U.S.C. § 2518 has been met so that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.

The Court is thanked in advance for its time and courtesy.

Dated:      Mineola, New York
            July 29, 2021

>                         Respectfully submitted,
>
>                         DEFENDANT, MICHAEL TANNUZZO
>
>                         By: /s/Donald T. Rollock
>                         Donald T. Rollock
>                         114 Old Country Road, Suite 690
>                         Mineola, New York 11501-4414
>                         Telephone (516) 248-6080
>                         Facsimile (516) 739-8742
>                         Email Address: drollock@rollocklaw.com