UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

MICHAEL TANNUZZO,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/5/2024

1:20-cr-160-4 (MKV)

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

MARY KAY VYSKOCIL, United States District Judge:

      On November 22, 2022, the defendant was sentenced principally to a term of 27 months of imprisonment for his conviction, following a guilty plea, for drug adulteration and misbranding with intent to defraud in violation of 21 U.S.C. §§ 331, 333(a)(2) [ECF No. 997]. Put simply, the defendant was a licensed racehorse trainer who participated in a scheme to administer adulterated and misbranded performance enhancing drugs to horses in an effort to win races and, thereby, earn money. The participants in this scheme dealt with drugs that were designed to avoid detection by racing industry tests and to defraud race regulators, federal drug regulators, Customs and Border Protection, and, in some cases, the horses' owners.

      When the Court imposed sentence, the defendant's Sentencing Guidelines range was 30 to 36 months of imprisonment, based on an offense level of 19 and a criminal history category of I. The Guidelines range would have been 30 to 37 months of imprisonment but was capped at 36 by the statutory maximum sentence. The Bureau of Prisons currently projects that the defendant will be released from prison on July 24, 2024.

      On January 26, 2024, the defendant filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines [ECF No. 1221]. Effective November 1, 2023, in its Amendment 821, the United States Sentencing Commission

1

amended the United States Sentencing Guidelines Manual. As relevant here, Part B amends Guideline § 4C1.1, by providing a 2-level offense level reduction for offenders with zero criminal history points who meet specified eligibility criteria. The Sentencing Commission made these amendments retroactive.

A defendant is eligible for a potential sentence reduction if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range applied at his sentencing, and the defendant did not already receive a sentence lower than the amended range. *See United States v. Sardarova*, No. 20-cr-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024). The inquiry does not end there, however. Rather, Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Once the Court concludes that a defendant is eligible for a potential sentence reduction, the Court must then "consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see Dillon*, 560 U.S. at 826.

After the defendant filed his motion for a sentence reduction, the Court issued an Order directing the government to file a letter stating its position [ECF No. 1224]. On February 9, 2024, the government filed a letter in opposition to the defendant's motion [ECF No. 1233 ("Gov. Opp.")]. The government argues that, "[a]ssuming that the defendant qualifies for potential relief, the Court should nevertheless deny the motion." Gov. Opp. at 2. The government contends, among other arguments, that "any reduction would fail to reflect the seriousness of the defendant's conduct." Gov. Opp. at 2.

On February 10, 2024, Defendant's former counsel filed a letter in support of Defendant's motion [ECF No. 1235 ("Rollock Letter")]. Counsel stresses his belief that "Mr. Tannuzzo has a good heart." Rollock Letter at 2.

The Court has carefully considered the record in this case and the submissions on this motion. At the first step of its "two-step inquiry," *Dillon*, 560 U.S. at 826, the Court concludes that the defendant is eligible for a sentence reduction. Applying Amendment 821, the defendant's amended Guidelines range is 24 to 30 months of imprisonment, whereas the range applied at his sentencing was 30 to 36 months. The Court imposed a sentence of 27 months of imprisonment, which is within the amended Guidelines range, but not below the amended range. *See Sardarova*, 2024 WL 259775, at *1.

However, Amendment 821 "merely authorizes a reduction in sentence; it does not require one." *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013) (quoting *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011)). At the second step of its inquiry on this motion, the Court concludes that no reduction in sentence is "warranted." *Dillon*, 560 U.S. at 826. Rather, taking the amended Guidelines range as the "starting point" for Defendant's sentence, *Gall v. United States*, 552 U.S. 38, 49 (2007), and "after considering the factors set forth in § 3553(a)," *Wilson*, 716 F.3d at 52 (brackets omitted) (quoting 18 U.S.C. § 3582(c)(2)), the Court still finds that 27 months of imprisonment is sufficient, but not greater than necessary, to serve the purposes of sentencing this particular defendant.

As noted above, the sentence that the Court imposed falls within the amended range. The Court finds that the facts and circumstances of this case and the history and characteristics of this defendant militate against a lesser sentence.

In particular, a sentence of less than 27 months of imprisonment would fail to reflect the seriousness of the defendant's offense and to provide a just punishment for that offense. The defendant participated in a scheme that subjected defenseless animals to adulterated and misbranded performance enhancing drugs. The offense endangered the horses that were drugged,

3

the jockeys who rode those horses, and the horses and jockeys who raced against the drugged horses. This defendant abused his position of trust as a licensed trainer, betraying both the animals entrusted to his care and the licensing authorities.

As the Court discussed in detail at sentencing [ECF No. 1014 ("Tr.") at 16–18, 39–42], the defendant failed fully to accept the implications of his actions when he continued to insist that he "would never . . . hurt a horse," Tr. at 41. This defendant, moreover, was one of the last defendants in a multi-defendant case to plead guilty. He waited to plead guilty until after significant motion practice and the conviction at trial of two of his co-defendants.

A sentence of less than 27 months of imprisonment would also fail to provide adequate deterrence to criminal conduct. Defense counsel argued at length at the sentencing that racing is "a dirty business." Tr. at 25. In sentencing the defendants in this case, the Court was mindful of the "imperative" to "send a message to the racing industry" that trafficking in adulterated and misbranded performance enhancing drugs has serious consequences. Tr. at 43.

Furthermore, the Court very carefully considered the defendant's lack of criminal history in crafting the sentence of 27 months of imprisonment. *See* Tr. at 42:15–18. While the Guidelines range at the time of his sentencing did not reflect his Zero Point Offender status, the original Guidelines range was merely the "starting point" for the Court's sentencing determination. *Gall*, 552 U.S. at 49. The amended range does not change the Court's judgment as to the appropriate sentence for this defendant in light of his lack of criminal history.

For the reasons set forth above, the reasons cited in the government's opposition [ECF No. 1233], and the reasons the Court discussed at sentencing, the Court concludes that no reduction in sentence is warranted. *See Dillon*, 560 U.S. at 826. Accordingly, the Defendant's motion for a

sentence reduction pursuant to Amendment 821 [ECF No. 1221] is DENIED.

**SO ORDERED.**

**Dated:  June 5, 2024**
       **New York, NY**

                                              **MARY KAY VYSKOCIL**
                                              **United States District Judge**